FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAULA PETRELLA, an individual, | No. 10-55834 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00072-GW-MAN |
| v. | |
| METRO-GOLDWYN-MAYER, INC., a corporation; METRO-GOLDWYN-MAYER STUDIOS, INC., a corporation; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT, LLC, a limited liability company; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT DISTRIBUTION CORPORATION, a corporation; UNITED ARTISTS CORPORATION, a corporation; 20TH CENTURY FOX HOME ENTERTAINMENT, LLC, a limited liability company, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| PAULA PETRELLA, an individual, | No. 10-55853 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-00072-GW-MAN |
| v. | |
| METRO-GOLDWYN-MAYER, INC., a | |

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

corporation; METRO-GOLDWYN-MAYER STUDIOS, INC., a corporation; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT, LLC, a limited liability company; METRO-GOLDWYN-MAYER HOME ENTERTAINMENT DISTRIBUTION CORPORATION, a corporation; UNITED ARTISTS CORPORATION, a corporation; 20TH CENTURY FOX HOME ENTERTAINMENT, LLC, a limited liability company,

Defendants - Appellants.

On Remand from the United States Supreme Court

Before:   W. FLETCHER and FISHER, Circuit Judges, and ZOUHARY, District Judge.[**]

On remand from the Supreme Court, the defendants argue that even though the plaintiff's claim for copyright infringement is not barred by laches, the district court's grant of summary judgment in their favor should nevertheless be affirmed on alternative grounds.  We vacate the grant of summary judgment on the

---

[**]The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

plaintiff's copyright claim and remand for further proceedings consistent with this

decision.[1]

**1.** Because the plaintiff, Paula Petrella, failed to timely renew the copyright

term for the book and the 1973 screenplay, her copyright claim must rest on the

1963 screenplay. *See* 17 U.S.C. § 304(a)(4)(A). We reject the defendants'

argument that Petrella's failure to renew the other two works makes baseless her

claim for copyright infringement of the 1963 screenplay. First, the scope of the

defendants' license to use the content of the book under 17 U.S.C. § 304(a)(4)(A)

turns on the scope of copyright protection in the book. In turn, the scope of

copyright protection in the book depends on whether the 1963 screenplay was

based on the book or vice versa: if the book was original and the 1963 screenplay

was a derivative work based on it, then all of the book is entitled to copyright

protection, but if the book was a derivative work based on the 1963 screenplay,

---

[1] Nothing in the Supreme Court opinion affects our holdings that Petrella's claims for unjust enrichment and for an accounting are barred by laches, and that the district court did not abuse its discretion by denying the defendants' motions for attorney's fees and for sanctions. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014). For the reasons stated in our earlier opinion, we therefore affirm the grant of summary judgment on those two claims, and affirm the district court's denial of the defendants' motion for sanctions. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 695 F.3d 946, 956-57 (9th Cir. 2012). We also affirm the district court's denial of the defendants' motion for attorney's fees. That motion is premature because litigation of Petrella's copyright claim is ongoing.

then only the new elements in the book are entitled to copyright protection. The parties vigorously dispute this issue. *See infra.* Therefore, the defendants' renewal argument is encompassed by the parties' other arguments, and does not provide an independent basis for precluding Petrella from litigating her claim for copyright infringement of the 1963 screenplay. Second, the record does not support the defendants' assertion that all three works are "virtually indistinguishable from one another." This argument therefore at most limits the scope of Petrella's copyright interest to any protectible elements that are in the 1963 screenplay, but not in the book or the 1973 screenplay. For both of these reasons, we do not affirm the grant of summary judgment on this alternative ground.

**2.** Although the title page to the 1963 screenplay stated that it had been written by Frank Petrella "in collaboration with Jake La Motta," its copyright registration listed Frank Petrella as the claimant and sole author. Accordingly, whether the 1963 screenplay was a work of sole or joint authorship is a genuinely disputed material fact that precludes affirming the grant of summary judgment on this basis. *See* Fed. R. Civ. P. 56(a).

**3.** Frank Petrella and Jake La Motta represented in the 1976 agreement that the book was original and had not been copied or adapted from any other work, but the book was published seven years after the 1963 screenplay was registered, and

includes references to events occurring after 1963. Therefore, on this record, the district court correctly determined there is a genuine dispute whether the 1963 screenplay was based on the book or vice versa.

**4.** The district court erred, however, when it concluded the defendants had not made the argument that Petrella should be estopped from contradicting her father's representations in the 1976 agreement that the book was original. In fact, the defendants argued: "Plaintiff should be estopped, as a threshold matter, from contradicting her father's written contractual representations, because she is his privy and is suing based on his alleged rights." We decline to exercise our discretion to decide this issue in the first instance, and instruct the district court to address this argument on remand.

**5.** We also decline to reach the remaining issues argued by the defendants. If the district court concludes Petrella is estopped from arguing that the book was based on the 1963 screenplay, the scope of the substantial similarity comparison will be significantly affected, and the question of whether the book's copyright protection extends to elements incorporated from the 1963 screenplay would become moot.

**6.** However, the district court's substantial similarity analysis did not apply the extrinsic test required by our precedent – perhaps because summary judgment

turned on a different ground. *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010) (noting that "[o]n a motion for summary judgment, we apply . . . the extrinsic test," and explaining that "[t]he extrinsic test is an objective test based on specific expressive elements: the test focuses on articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events in two works" (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)) (internal quotation marks omitted)). Accordingly, after it resolves the estoppel argument on remand, the district court shall apply the extrinsic test to compare the film against the protected elements, if any, covered by Petrella's copyright interest. *See id.* at 624-25.

We therefore affirm the grant of summary judgment on Petrella's unjust enrichment and accounting claims, vacate the grant of summary judgment on her copyright claim and affirm the denial of the defendants' motions for sanctions and attorney's fees. We remand for further proceedings, during which the district court shall consider the defendants' estoppel argument and conduct a substantial similarity comparison applying the extrinsic test.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**